KATIE SCHMID, appellant,

*v.*

FREDERIC A. LISIEWSKI, respondent.

The general rule of equity that damages of an intangible character will not be admeasured by a court of chancery will not be applied in a case where the party found to be liable for such damages admits the amount thereof. In such case the determination of damages by a jury would be useless.

On appeal from a decree advised by Vice-Chancellor Van Fleet, in *Lisiewski* v. *Boettner et al.*

*Mr. Charles Borcherling,* for the appellant.

*Mr. Frederic W. Stevens,* for the respondent.

The opinion of the court was delivered by

MAGIE, J.

This appeal is from a decree permitting the redemption of a mortgage given by Lisiewski, the respondent, to Mrs. Schmid, the appellant, to secure a part of the purchase-money of a building and lands conveyed by her to him by a deed containing covenants against encumbrances.

Schmid v. Lisiewski.

The decree, among other things, directed the application to the payment of said mortgage of the sum of $3,517.42, which had been paid under the direction of the court of chancery in this cause by the respondent, in satisfaction of a judgment recovered in an action in favor of Ringler & Company against appellant, upon a lien claim filed by Ringler & Company against said building and land prior to its conveyance by her to respondent.

The petition of appeal challenged the decree only in respect to the direction above specified. No other objection was presented by the petition of appeal or by the argument before us.

This objection to the decree was supported in the argument upon only two grounds.

It was urged that the direction complained of ought not to have been made, because respondent's damages for the breach of appellant's covenant against encumbrances had not been fixed by an action at law.

It is doubtless a general principle that damages will not be admeasured by a court of equity when they are of an intangible character. *Palys v. Jewett, 5 Stew. Eq. 302.* When, therefore, in a cause in equity, appropriate equitable relief requires an assessment of such damages, the court of chancery will, in some mode, have them assessed by a jury. But when the right to damages is established and the amount thereof is admitted and undisputed, it would be absurd to require an action at law or an issue to be tried by jury. Such is the case before us. Appellant, by her answer, admitted the breach of her covenant against encumbrances and the existence of an encumbrance by way of a lien claim prosecuted to a judgment in an action against her. She admitted, also, that the judgment was justly due and ought to be paid. It was paid by respondent under direction of the court, and such payment fixed the amount of such damages, and under such admissions an action at law was unnecessary.

Appellant further contended that, although the lien was filed for a just claim and the judgment thereon fixed its proper amount, the respondent was not entitled to damages upon the covenant against encumbrances because of an accord and satis-

faction passing between her and respondent subsequent to the delivery of the deed containing that covenant. This contention raised a question of fact which the learned vice-chancellor, in the court below, resolved against her. It is unnecessary to review the evidence, which is fully and fairly stated in the opinion below. It is sufficient to say that, in our judgment, the conclusions reached are entirely satisfactory for the reasons given therein.

No other questions have been considered.

The result is that the decree must be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, MAGIE, REED, VAN SYCKEL, BROWN, SIMS, SMITH—8.

*For reversal*—DIXON, BOGERT, KRUEGER—3.